**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4929

KENNETH DANE GRAY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-98-28)

Submitted: June 30, 1999

Decided: July 21, 1999

Before MURNAGHAN and KING, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Jay Hanson Steele, Lebanon, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Anthony P. Giorno, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth Dane Gray appeals from his conviction by guilty plea to possession of a firearm by a convicted felon in violation on 18 U.S.C. § 922(g)(1) (1994) and possession with intent to distribute lysergic acid diethylamide in violation of 21 U.S.C. § 841(a)(1) (1994). Gray's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising the issue of whether the district court imposed Gray's sentence in violation of law or as a result of an incorrect application of the Sentencing Guidelines, but stating that in his view there are no meritorious issues for appeal. Gray filed a supplemental pro se brief arguing that: (1) his plea agreement is void because it does not bear the signature of the U.S. Attorney; and (2) the court erred in accepting his guilty plea on the drug charge because the record is devoid of a factual basis for the plea and because the court failed to inform Gray of the nature of the offense and to determine whether Gray understood the charge. Because Gray knowingly and intelligently waived his right to appeal these issues, we dismiss this appeal.

In his plea agreement, Gray agreed to waive his right of appeal as to all issues except for a determination as to whether he is an armed career criminal. Because he was not found to be an armed career criminal and his claims do not relate to any such determination, Gray's claims are deemed waived. Our review of the record discloses that Gray understood that he was waiving his rights to appeal and that such waiver was knowing and voluntary. To the extent that Gray claims that the plea agreement is void because it does not bear the signature of the U.S. Attorney, we find the argument without merit.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore dismiss this appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

DISMISSED